UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY HALLOWELL,

    Plaintiff,

 v.

SAFEWAY, INC,

    Defendant.

C16-972 TSZ

ORDER

THIS MATTER comes before the Court on Defendant Safeway Inc.'s Motion for Summary Judgment, docket no. 21 (the "Motion"). Having reviewed all papers filed in support of, and in opposition to, the Motion, the Court enters the following order.

**Background**

Plaintiff alleges that on or about October 22, 2014, Defendant negligently administered to her a flu shot. Complaint for Personal Injuries in Tort, docket no. 1–1 (the "Complaint"), at ¶¶ 3.1, 3.2. Plaintiff specifically asserts that she "sustained nerve damage during the administration of the flu shot because the nurse jammed the needle in the wrong way." Declaration of Mary Hallowell, docket no. 24 ("Hallowell Decl.") at ¶ 5.

ORDER - 1

On October 22, 2014, Plaintiff signed a form titled "**CONSENT AND RELEASE – INJECTABLE VACCINATIONS**." Declaration of Anne M. Loucks in Support of Defendant Safeway, Inc.'s Motion for Summary Judgment, docket no. 22 ("Loucks Decl."), Exhibit 1 (the "Consent and Release Form"). The sole paragraph of text in the Consent and Release Form states in relevant part:

> I acknowledge that I understand the benefits and risks of the requested vaccinations as described in the Vaccine Information Sheet, a copy of which is provided with this Consent and Release. I confirm that Safeway Inc. on behalf of its pharmacy operations in all divisions, ("Safeway") has answered to my satisfaction all of my questions about the vaccine and the vaccination procedure, . . . I . . . hereby release Safeway and its divisions and affiliates and their respective officers, directors, employees, agents, and representatives from any and all claims arising out of or in connection with the quality of the above-described vaccine(s) as provided by the manufacturer and any negligence of Safeway in connection with the related injection of the vaccination.

*Id.* Plaintiff does not dispute that, prior to obtaining the flu shot in question, she received a Vaccine Information Statement attached to the Consent and Release Form. The Vaccine Information Statement states that, if a recipient has a serious reaction to the vaccination, he or she should report the reaction to the Vaccine Adverse Event Reporting System (VAERS). *Id.* at 10. "The National Vaccine Injury Compensation Program (VICP) is a federal program that was created to compensate people who *may* have been injured by certain vaccines. Persons who believe they may have been injured by a vaccine can learn about the program and about filing a claim by calling 1-800-338-2382 or by visiting the VICP website at www.hrsa.gov/vaccinecompensation." *Id.*

Plaintiff has not reported any adverse reaction to the VAERS or pursued any claim under the VICP. Instead, on or about March 3, 2016, Plaintiff filed the Complaint in

ORDER - 2

King County Superior Court. *See generally* Complaint. Defendant removed the action to this Court on June 24, 2016, *see* docket no. 1 (Notice of Removal), and filed the instant Motion on October 26, 2017. Defendant asks this Court to dismiss this lawsuit and for the fees and costs it incurred in making the Motion. *See* Motion at 6–7. In opposing the Motion, Plaintiff asks for leave to amend the Complaint should the Court conclude that her lawsuit be dismissed. *See* Plaintiff's Response to Defendant Safeway Inc.'s Motion for Summary Judgment, docket no. 23 (the "Response") at 9.

**Discussion**

    **A.**    **Summary Judgment Standard**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 548 U.S. 521, 529 (2006) ("Rule 56(c) 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

B.   **Preemption Under the VICP**

Defendant argues that Plaintiffs' personal injury claims are preempted by the VICP. The Ninth Circuit has observed that the VICP preempts certain categories of state law claims. *See, e.g.*, *Holmes v. Merck & Co.*, 697 F.3d 1080, 1085–90 (9th Cir. 2012) ("The text of these clauses indicates that Congress expressly intended to prohibit states from regulating large aspects of tort suits against vaccine manufacturers."). "For injuries . . . traceable to vaccinations, the [VICP] establishes a scheme of recovery designed to work faster and with greater ease than the civil tort system." *Shalala v. Whitecotton*, 514 U.S. 268, 269–70 (1995). 42 U.S.C. § 300aa-11(a) states that "[a] proceeding for compensation under the [VICP] for a vaccine-related injury or death shall be initiated by . . . the filing of a petition containing the matter prescribed in subsection (c) with the United States Claims Court [United States Court of Federal Claims]." Subject to certain conditions not at issue in this Motion, Subsection (2)(A) requires that "[n]o person may bring a civil action for damages greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine . . . ." 42 U.S.C. § 300aa-11(a)(2)(A).

The VICP defines a "vaccine-related injury or death" as "an illness, injury, condition, or death associated with one or more of the vaccines set forth in the Vaccine Injury Table . . . ." 42 U.S.C. § 300aa-33(5). The Vaccine Injury Table is set forth in 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3 (the "Table"). The Table expressly includes

"trivalent influenza vaccines" and covers "Shoulder Injury Related to Vaccine Administration." 42 C.F.R. § 100.3.

Here, Plaintiff has not complied with the VICP's procedural requirements by pursuing this action in the Court of Federal Claims. Instead, she initiated her action in King County Superior Court and Defendant, in turn, removed the case to this Court. The Complaint alleges an unspecified amount of damages stemming from Defendant's allegedly negligent administration of a flu shot.[1] Plaintiff does not appear to dispute that her lawsuit is a "civil action for damages" and that Defendant is a "vaccine administrator" under 42 U.S.C. § 300aa-11(a)(2)(A). Nor does Plaintiff dispute that the type of vaccine administered by Defendant is covered by the Table.

She instead argues that her injuries were caused by the negligent administration of the vaccine—as opposed to the vaccine itself. *See* Response at 6. Plaintiff posits that, for this reason, her personal injury claims against Defendant as the vaccine administrator are not preempted by the VICP.

Plaintiff's position is unsupported by the relevant authority. The VICP explicitly covers civil actions for vaccine-related injuries against vaccine administrators. 42 U.S.C. § 300aa-11(a)(2)(A). Although the VICP does not define a "vaccine administrator," the Federal Circuit has directed that the VICP extends to doctors who negligently administer the vaccination. *Amendola v. Sec'y, HHS*, 989 F.2d 1180, 1187 (Fed. Cir. 1993). Thus, Plaintiff's alleged injuries are "vaccine-related injuries" under the VICP.

---

[1] Notwithstanding this allegation, Plaintiff does not appear to dispute Defendant's assertion that "Plaintiff's Statement of Damages alleges damages exceeding $75,000 . . . ." Loucks Decl. at ¶ 5.

Plaintiff attempts to impose a heightened causation requirement not found in either the VICP or the interpreting case law. *See* Response at 5–7. None of the cases Plaintiff relies on mandates that an alleged injury be specifically caused by the underlying vaccine. In *Shalala*, a case cited by Plaintiff in opposition to the Motion, the U.S. Supreme Court confirmed that an injury must only be "traceable to vaccinations" (*i.e.*, the administration of a vaccine) without limiting the VICP to scenarios where the vaccine itself is the sole cause of the injury. 514 U.S. at 269–71. Consistent with *Shalala*, the Federal Circuit has further clarified that the injuries listed in the Table "are general neurological injuries that may have any number of causes." *DeLouis v. Sec'y of HHS*, No. 96–655V, 1997 WL 631504, at *4 (Fed. Cir. Sept. 25, 1997). To be covered as a "vaccine-related injury" under the VICP, "[t]he civil suit must contain some allegation that the injury was caused by the administration of a vaccine listed in the Vaccine Injury Table." *Id.*

Here, the Complaint unequivocally alleges that Plaintiff's damages were the "immediate and proximate result" of the "negligent administration of the flu shot . . . ." Complaint at ¶¶ 3.2, 4. Thus, Plaintiff's corresponding claim against Defendant as a vaccine administrator is traceable to the vaccination for vaccine-related injuries and therefore preempted by the VICP. *Holmes*, 697 F.3d 1080 at 1085–90.[2] Plaintiff has failed to show any issue of fact, material or otherwise, suggesting that her claims against Defendant are not for a vaccine-related injury against an administrator. Defendant is

---

[2] Because the Court concludes that Plaintiff's claims are preempted by the VICP, it does not reach the issue of whether the Consent and Release Form is enforceable.

therefore entitled to judgment as a matter of law on Plaintiff's personal injury claims.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's Motion is GRANTED and this lawsuit is DISMISSED without prejudice.

(2) Defendant's request for fees and costs incurred in bringing the Motion is DENIED.

(3) Plaintiff's request for leave to amend the Complaint is DENIED.

(4) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 4th day of January, 2018.

Thomas S. Zilly
United States District Judge